The Honorable Sharon Priest Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Ms. Priest:
This is in response to your request for an opinion the following question:
 If a party candidate who has filed for nomination for the primary election decides to not run either prior to ballot certification or after and there are no other candidates from that party, what is the method for the party to fill the vacancy if any? Does it matter whether there are other party candidates for the same nomination?
In response to the first part of this question, it is my opinion that there is currently no method prescribed under state law for selecting a party nominee in that instance. With regard to the second part of your inquiry, I assume that the existence of other candidates would obviate the need to address the first question, as presumably there would be no issue in that instance concerning the existence of a vacancy in nomination, discussed more fully below.[1]
It must be initially noted that this conclusion is contrary to Attorney General Opinion 96-201, which was issued prior to the 81st General Assembly. The Arkansas Code sections which formed the basis for Opinion96-201 were significantly amended during the 1997 legislative session. It is my conclusion that the analysis in Opinion 96-201 is no longer viable in light of these amendments.
Your question in essence is whether a "vacancy in nomination" exists when the unopposed party candidate for nomination resigns prior to the primary election.[2] Arkansas Code Annotated § 7-7-104 provides alternative methods for filling a "vacancy in nomination." Because your question turns, in my opinion, on the language of this provision, I will set forth the full text as recently amended. Section 7-7-104 now states:
 (a) Nominees of a political party to fill a vacancy in nomination, as defined in § 7-1-101, shall be declared by:
 (1) Certificate of the chairman and secretary of any convention of delegates held within twenty-five (25) days of the Governor's letter certifying vacancy; or
 (2) A special primary election called, held, and conducted in accordance with the rules of the party.
 (b) In case of a tie vote for the same office at a general primary election, a vacancy in nomination for that office shall exist.
 (c) When a vacancy in nomination occurs as a result of death or the person who received the majority of votes cast at the preferential primary election or the general primary election notifies the state committee of the political party of his or her intent to refuse nomination due to serious illness, moving out of the area from which elected as the party's nominee, or filing for another office, the state committee of the political party shall notify the Governor within five (5) days after the date of death or the date the party was notified of intent to refuse nomination as to whether the party chooses to fill the vacancy in nomination at a special election or a convention.
 (d) If the party fails to notify the Governor within the five-day period, the vacancy in nomination shall not be filled nor shall the vacancy in nomination be filled if it occurred for any reason other than death, serious illness, the candidate's moving out of the area from which elected as the party's nominee, or filing for another office.
 (e) If the party notifies the Governor within the time prescribed in subsection (c) of the desire to have a special election the Governor shall, within five (5) days issue a proclamation calling the special election and establishing the deadline for filing as a candidate for nomination which shall be no more than twenty (20) days after the proclamation. The special election shall occur no earlier than thirty (30) days nor later than forty-five (45) days after the end of the filing deadline. A runoff election, if required, shall be held two (2) weeks after the date of the special election.
 (f) If the party notifies the Governor that it desires to fill the vacancy in nomination by convention, the convention shall occur no later than twenty-five (25) days after the notice is provided to the Governor.
A.C.A. § 7-7-104 (Supp. 1997), as amended by Act 1082 of 1997.
The term "vacancy in nomination" is now defined as follows:
 `Vacancy in nomination' means the circumstances in which the person who received the majority of votes at the preferential primary election or general primary election cannot accept the nomination due to death or notifies the party that he or she will not accept the nomination due to serious illness, moving out of the area from which elected as the party's nominee, or filing for another office and preceding the final date for certification of nominations. . . .
A.C.A. § 7-1-101(4) (Supp. 1997), as amended by Act 1082 of 1997.
It was opined in Opinion 96-201, a copy of which is enclosed herein, that notwithstanding the existence of arguments to the contrary, a vacancy arising due to the death of an unopposed party candidate prior to the primary election was implicitly included in Sections 7-7-104(a) and7-1-101(4) (Repl. 1993). In reaching this conclusion, I emphasized the fact that while the definition of "vacancy in nomination" made reference to the nominee's selection "at a primary election" (see former codification of A.C.A. § 7-1-101(4) (Repl. 1993)),[3] the legislature appeared to be mainly concerned that the circumstance giving rise to noncertification occur after nomination and before the final date for certification. Op. Att'y Gen. 96-201 at 2. This was true of the unopposed candidate, whose nomination is determined at the expiration of the filing period when no other candidate files for office. The statutory presumption that the nomination was determined at the primary thus was not deemed determinative. Rather, the language in § 7-1-101 regarding the nominee being "selected at a primary election" was de-emphasized, as it was difficult to conclude that the legislature intended to preclude a "vacancy in nomination" under § 7-7-104 whenever an unopposed candidate is involved.
I must conclude from my review of the recent amendments to Sections7-1-101(4) and 7-7-104 that the above analysis has lost viability. The circumstances defining a "vacancy in nomination" are now limited to death, serious illness, movement out of the area, and filing for another office. A.C.A. § 7-1-101(4) (Supp. 1997), supra. The statute thus now clearly contemplates scenarios in which there will be no "vacancy in nomination" to be filled under the alternative methods, nothwithstanding the absence of a nominee. See also § 7-7-104(d), supra (providing that "the vacancy in nomination shall not be filled" if the political party fails to notify the Governor within the requisite five-day period or if it occurred "for any reason other than death, serious illness, the candidate's moving out of the area from which elected as the party's nominee, or filing for another office.") As a result, it can no longer reasonably be surmised that the legislature did not intend to allow any "vacancy" to remain unfilled. This undermines the conclusion in Opinion96-201 that Sections 7-7-104(a) and 7-1-101(4) implicitly include a vacancy arising due to the withdrawal of an unopposed candidate.
It must also be recognized that the language of the 1997 amendments departs significantly from the former legislation with respect to an emphasis upon the primary election. Section 7-1-101(4) now identifies the nominee as "the person who received the majority of votes at the . . . primary election. . . ." This focus upon the fact of election is also reflected in the circumstance giving rise to a vacancy when the nominee moves out of the area "from which elected." Id. See also 7-7-104(c) (regarding the nominee receiving "the majority of votes cast at the . . . primary" and "moving out of the area from which elected. . . .") Unlike the former provisions, therefore, more emphasis is placed upon the nominee's selection at the primary, as opposed merely to noncertification. Compare Op. Att'y Gen. 96-201 at 2.
The foregoing leads me to conclude that there is no "vacancy in nomination" as contemplated under A.C.A. § 7-7-104 (Supp. 1997) when an unopposed candidate either dies or resigns or withdraws his nomination. Consequently, there is no method for declaring a new nominee.
It should perhaps also be noted in this regard that in my opinion, legislative action would be necessary in order for the parties to develop rules addressing this scenario. This is indicated by the fact that all candidates must be properly certified (see A.C.A. § 7-7-101 (Repl. 1993)), and the General Assembly has provided in this regard that:
 [n]ominees of political parties chosen by a convention of delegates, in those circumstances in which nominations by political party convention are authorized by law, shall be certified by the chairman and secretary of the convention of delegates held by the political party.
A.C.A. § 7-7-401(d)(1) (Supp. 1997) (emphasis added).
Thus, nomination by party convention must be authorized by law. I cannot conclude that political parties are otherwise generally authorized to develop methods for certifying party nominees. Cf. Lewis v. West,318 Ark. 334, 885 S.W.2d 663 (1994) (holding that political party nominees must be selected at a primary election and then certified, with the exception of nominees selected under A.C.A. §§ 7-7-104 (vacancy in nomination) and 7-7-105 (vacancy in office).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] In the event there was only one other party candidate for the nomination, that candidate would become the unopposed candidate following the other candidate's withdrawal.
[2] Because the name of an unopposed candidate is omitted from the primary ballot (A.C.A. § 7-7-304(c)), the ballot certification is of no consequence in addressing your question.
[3] When Opinion 96-201 was issued, § 7-1-101(4) defined "vacancy in nomination" as "the circumstances in which the nominee of a political party selected at a primary election shall not be certified as the nominee due to death, resignation, withdrawal, or other good and legal cause arising subsequent to nomination and preceding the final date for certification of nominations[.]"